UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MOODY,

    Plaintiff,

v.

MICHIGAN GAMING CONTROL
BOARD, *et al.,*

    Defendants.
_____/

Case No. 15-11922

Hon. John Corbett O'Meara

# OPINION AND ORDER GRANTING
# DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' motion to dismiss and motion to strike Plaintiff's response brief. The court heard oral argument on the motion to dismiss on December 3, 2015, and took the matter under advisement. For the reasons explained below, Defendants' motion is granted.

## BACKGROUND FACTS

Plaintiff Daniel Moody is a trainer for horses engaged in harness racing. Defendants are the Michigan Gaming Control Board, which licenses horse trainers in the racing industry, and various individual employees of the MGCB: Richard Kalm, Scott McLeay, Steven J. Ferrari, John Lessnau, Al Ernst, Norma Cole, Eric

Pertinnen, and Jim Curran. Al Ernst was the Director of Horse Racing for the MGCB; Scott McLeay, Steven J. Ferrari, and John Lessnau were investigators for the MGCB, and Norma Cole, Eric Pertinnen, and Jim Curran, were stewards of harness horse racing under the supervision of the Horse Racing Commission and the MGCB. Although not identified in the complaint, Richard Kalm is the Executive Director of the MGCB.

Plaintiff contends that he was investigated by the MGCB and temporarily disqualified as a licensed trainer after his father, John Moody, criticized the MGCB and filed a lawsuit against it. Plaintiff's complaint alleges three violations of 42 U.S.C. § 1983: Count I, First Amendment retaliation; Count II, deprivation of a liberty interest in violation of the Fourth Amendment; and Count III, deprivation of property without due process, selective enforcement, and denial of equal protection, in violation of the Fifth and Fourteenth Amendments.

## LAW AND ANALYSIS

### I. Standard of Review

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does

require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

## II. Eleventh Amendment Immunity

Defendants seek dismissal of the MGCB and the official capacity claims against the individual defendants based upon sovereign immunity. The MGCB is an agency of the state and is protected from suit in federal court by the Eleventh Amendment. See, e.g., Abick v. State of Michigan, 803 F.2d 874, 876-77 (6th Cir. 1986). Further, neither the MGCB nor the individual defendants in their official capacities are "persons" subject to suit pursuant to 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, the court will dismiss the MGCB and any official capacity claims against the individual defendants. See Compl. at ¶61.

## III. Count I – First Amendment Retaliation

In Count I of the complaint, Plaintiff alleges a First Amendment retaliation claim. Plaintiff is alleging that Defendants retaliated against him because of his

father's protected speech. Defendants argue that Plaintiff does not have standing to assert a First Amendment retaliation claim because he did not engage in protected speech, his father did.

In general, a litigant does not have standing to assert the constitutional rights of a third party. See Kowalski v. Tesmer, 543 U.S. 125, 129 (2004). "Third-party standing is an exception to the general rule that a plaintiff may only assert his own injury in fact and permits a litigant who lacks a legal claim to assert the rights of a third party." Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008). "A plaintiff may assert the constitutional claims of a third party if the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) 'some hindrance to the third party's ability to protect his or her own interests.'" Camacho v. Brandon, 317 F.3d 159 (2d Cir. 2003) (citing Campbell v. Louisiana, 523 U.S. 392, 397 (1998)).

Plaintiff has alleged an injury (temporary disqualification from horse racing) and a close relationship between himself and the third party (father and son). Plaintiff must also show "some hindrance" – a barrier or practical obstacle – to his father's ability to protect his own interests. See Hodak, 535 F.3d at 904. Plaintiff's father, John Moody, has filed his own action against the Michigan

Gaming Control Board and other Defendants in this case (Richard Kalm, John Lessnau, and Al Ernst), alleging constitutional violations related to the MGCB's investigation of him. See Moody v. Michigan Gaming Control Board, 790 F.3d 669 (2015). In light of John Moody's ability to pursue his own interests in court, Plaintiff cannot show that John Moody is unable to protect his First Amendment rights. See Hodak, 535 F.3d at 904 ("No practical barriers exist if the third party actually asserts his own rights."). The court finds that Plaintiff is unable to fulfill the requirements of third party standing and it will dismiss Plaintiff's First Amendment claim.

## IV.   Count II – Liberty Interest

In Count II, Plaintiff alleges that Defendants deprived him of his "liberty interest in his right to engage in a lawful occupation in the harness racing industry." Compl. at ¶¶ 57-58. It is not clear what legal claim Plaintiff is attempting to allege. Although Plaintiff alleges that Defendants deprived him of a right guaranteed by the Fourth Amendment, Plaintiff's claim is properly construed as a substantive due process claim arising under the Fourteenth Amendment. See generally City of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) ("The Fourth Amendment covers only 'searches and seizures,' neither of which took place here."). The Supreme Court has recognized that a liberty interest includes "the

right of the individual . . . to engage in any of the common occupations of life." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 572 (1972).

Defendants argue that Plaintiff does not have a liberty interest in participating in the horse racing industry, which is highly regulated in Michigan and requires a license. See Moody v. Michigan Gaming Control Bd., 2013 WL 6196947, at *6 (E.D. Mich. Nov. 27, 2013) aff'd in part, rev'd in part and remanded, 790 F.3d 669 (6th Cir. 2015) ("Therefore, occupations in the horse racing industry are not common occupations of life and do not have a recognized liberty interest for purposes of due process."). Plaintiff contends that this argument was implicitly considered and rejected by the Sixth Circuit in Moody, 790 F.3d at 677. To the contrary, the Sixth Circuit did not address whether the plaintiffs in Moody had a liberty interest in engaging in an occupation in the horse racing industry. (The trial court found they did not, and this court agrees with Judge Drain's analysis. Moody, 2013 WL 6196947 at *6.) The Sixth Circuit found that the plaintiffs had a property interest in their licenses, requiring due process before deprivation. The Sixth Circuit did not address the issue of substantive due process. Plaintiff does not assert a property interest in Count II of the Complaint, only a liberty interest. Plaintiff has failed to allege facts or law in support of a substantive due process claim. Plaintiff cannot state a claim, however styled, for deprivation

of a liberty interest in Count II.

## V. Count III – Deprivation of Property without Due Process

In Count III, Plaintiff contends that he was deprived of his license to train and race horses without due process. Defendants argue that Plaintiff cannot state a procedural due process claim because he was provided with due process in the form of hearings before and after his license was suspended. As stated in the complaint, the MGCB held three hearings regarding Plaintiff's license in May, July, and November 2012. Compl. at ¶ 29. On December 28, 2012, the MGCB issued its Rule 6676, disqualifying Plaintiff from racing until at least June 30, 2013. Plaintiff filed a notice of appeal with the MGCB. See Def.'s Ex. 1. A pre-conference hearing, to explore settlement, was held January 29, 2013. After the parties did not settle, Plaintiff requested an administrative hearing, which was scheduled for May 23, 2013. Plaintiff's counsel requested that the hearing be adjourned due to a conflict and it was rescheduled for July 16, 2013. The parties agreed to adjourn the hearing again and it was set for September 10, 2013. At the hearing, Plaintiff was informed that he was eligible to apply for a license as of July 1, 2013. Plaintiff then withdrew his appeal.

Under these circumstances, when hearings were held before Plaintiff was disqualified and Plaintiff was provided with a post-deprivation hearing, Plaintiff

cannot state a claim for a procedural due process violation. Although Plaintiff argues that under state law he should have received a hearing within fourteen days of the issuance of Rule 6676, he has not cited authority that the Constitution requires such process. See Moody, 790 F.3d at 679 (finding no due process violation when harness drivers received a postsuspension hearing in Michigan state court and noting that whether "plaintiffs ought to have received, as [a] matter of Michigan state law, an additional hearing in front of an administrative agency does not affect the federal constitutional analysis."). The court will dismiss Count III.

## VI.    Motion to Amend

At the hearing, Plaintiff acknowledged some "technical deficiencies" in the complaint and made an oral motion for leave to amend. The court's ruling is not based upon technical deficiencies (such as the failure to identify or make factual allegations regarding Defendant Richard Kalm in the complaint). Rather, as detailed above, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff's vague offer to correct technical deficiencies in the complaint will not cure these legal deficiencies and is therefore futile.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to strike response brief and Plaintiff's oral motion to amend are DENIED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  December 8, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 8, 2015, using the ECF system.

                                        s/William Barkholz
                                        Case Manager